# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**JESSE J. FRANKLIN,**

      **Petitioner,**

      v.                                Case No. 02-C-0677

**WISCONSIN DEPARTMENT OF CORRECTIONS,**

      **Respondent.**

_____

## DECISION ON PETITION FOR HABEAS CORPUS

Jesse J. Franklin ("Franklin") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. On July 11, 2002, Franklin, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 (1996). In two separate jury trials, Franklin was convicted of two counts of disorderly conduct, Wis. Stat. Ann. § 947.01 (1998), one count of battery, Wis. Stat. Ann. § 940.19 (1998), and one count of criminal damage to property, Wis. Stat. Ann. § 943.01 (1998), with each count carrying the additional weight of being tried under habitual criminality, Wis. Stat. Ann. § 939.62 (1998). Petition at 1. On August 22, 2002, the Honorable Rudolph T. Randa ordered the respondent to answer the petition after screening the petition pursuant to Rule 4, Rules Governing Section 2254 Cases. The respondent filed its answer on September 23, 2002. On September 20, 2002, upon consent of the parties to the exercise of jurisdiction by a United States Magistrate Judge, Judge Randa transferred the case to this court for further proceedings, including the entry of final judgment.

Franklin's petition raises four grounds for relief: (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, (3) lack of subject matter and personal jurisdiction by the trial court, and (4) plain error committed by the trial court, which resulted in a structural defect. Petition at 7-8. In the respondent's answer, the respondent alleges that Franklin has not exhausted his claim for ineffective assistance of appellate counsel. Answer at 3. The respondent further alleges that Franklin has procedurally defaulted his third and fourth claims because he failed to present the claims to the state courts. Answer at 4.

**I. Analysis**

    A. Exhaustion

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may be granted to any claim that was adjudicated on the merits in state court if the court's decisions was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C.A. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C.A. § 2254(d)(2). Further, a writ of habeas corpus shall not be granted unless it appears that "the applicant has exhausted the remedies available in the courts of the States," 28 U.S.C.A. § 2254(b)(1)(A), or "there is an absence of available state corrective process," 28 U.S.C.A. § 2254(b)(1)(B)(i), or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C.A. § 2254(b)(1)(B)(ii).

Respondent argues that Franklin has not exhausted all available state remedies because he failed to present the issue of ineffective assistance of appellate counsel to the state courts. Answer at 3. Exhaustion of state remedies requires a petitioner seeking a writ of habeas corpus to "fairly

2

present" federal claims to the state courts in order to give the State the opportunity to address any such claims. Duncan v. Henry, 513 U.S. 364, 365 (1995) (Citing Picard v. Connor, 404 U.S. 270, 275, (1971)). Fairly presenting a claim requires that the state courts have a meaningful opportunity to deal with the substance of the claims that are presented later in federal court. Picard v. Connor, 404 U.S. at 275. Franklin has not "fairly presented" his claim of ineffective assistance of appellate counsel to the state courts because Franklin's petition for a writ of habeas corpus in federal court is the first time the claim is raised. Memo in Support of Petition at 2 ("Issues Presented"). The failure to present this claim to the state court system has prevented the state courts from addressing Franklin's claim. Therefore, Franklin has not exhausted his state court remedies as required by 28 U.S.C.A. § 2254(b)(1)(A).

In Rose v. Lundy, 455 U.S. 509 (1982), the United States Supreme Court held that a district court, "must dismiss habeas petitions containing both unexhausted and exhausted claims." Rose, 455 U.S. at 522. However, in this instance, a complete dismissal of Franklin's petition might possibly prevent further federal review of his claims because of the 1-year statute of limitations for filing a writ of habeas corpus for federal review. 28 U.S.C.A. § 2244(d)(1). Filing a petition for habeas relief in a federal court does not toll the statute of limitations presented in 28 U.S.C.A. § 2244(d). Duncan v. Walker, 533 U.S. 167, 181-182 (2001).

In Rhines v. Weber, 125 S.Ct. 1528 (2005), the petitioner filed a writ of habeas corpus that contained both exhausted and unexhausted claims. Rhines, 125 S.Ct. at 1532. The district court, recognizing that dismissing Rhines' petition would result in his inability to re-file the petition in federal court after he exhausted his state remedies, granted a motion for stay and abeyance while Rhines exhausted his state remedies. Id. Upon review, the United States Supreme Court held that

3

district courts could issue a stay and abeyance in limited circumstances. Id. at 1535. The Court held that a stay and abeyance was only appropriate when there was "good cause" for the petitioner's failure to exhaust state remedies. Id. Accordingly, the "good cause" needs to accompany claims that are meritorious. Id.

The case at hand is undoubtedly a close one. If this court decides that there was good cause for Franklin's failure to present his claim of ineffective assistance of appellate counsel, then Franklin should be granted a stay and abeyance. However, this court is not persuaded that this is such a situation. Franklin has raised three separate issues that were not presented to the state courts. Besides the ineffective assistance of appellate counsel claim, neither Franklin's claim of lack of subject matter and personal jurisdiction by the trial court, nor his claim that plain error was committed by the trial court that resulted in a structural defect, were presented to the state courts. Memo in Support of Motion at 2 ("Issues Presented"). Even though Franklin had the opportunity for appeal to both the Wisconsin Court of Appeals and the Wisconsin Supreme Court, these claims were not raised. See Memo in Support of Motion at 2 ("Issues Presented").

In researching and compiling information to present his arguments in this petition, Franklin missed a key case – State v. Knight, 168 Wis.2d 509, 484 N.W.2d 540 (1992). Had this case been unearthed, Franklin would have learned that the appropriate means for contesting ineffective assistance of appellate counsel in the State of Wisconsin is to petition the appellate court that heard the appeal for a writ of habeas corpus, Knight at 520, 484 N.W.2d at 544, rather than including the claim in a petition for a writ of habeas corpus in federal court. Id. at 520, 484 N.W.2d at 544. Knight was decided in 1992 and is cited heavily throughout habeas cases in the State of Wisconsin. Had Franklin filed the appropriate petition in state court, the one-year statute of limitations would have

4

tolled while the petition was reviewed in state court. 28 U.S.C.A. § 2244(d)(2) (1996). This would have given Franklin adequate time to file a subsequent petition in federal court if the State denied relief. Therefore, issuing a stay and abeyance would circumvent the proscribed measures required for federal habeas review of state court decisions, and allow Franklin to escape his failures in complying with the requirements for seeking relief in federal court.

B.  Procedural Default

Franklin has also presented the court with two claims that are procedurally defaulted: his claim for lack of subject matter and personal jurisdiction by the trial court, and his claim that plain error was committed by the trial court which resulted in a structural defect. Procedural default will prevent a federal court from deciding habeas claims when (1) the claim was not presented to the state courts, and it is clear that those courts would now hold the claim procedurally defaulted, or (2) the claim was presented to the state court and the state court ruling against the petitioner rests on adequate and independent state law procedural grounds. See Coleman v. Thompson, 501 U.S. 722, 735 (1991).

Unless Franklin can demonstrate cause for, and prejudice resulting from the default, such a default will bar federal habeas corpus relief. Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977). In order to show cause for a default, the petitioner needs to be able to present some external impediment that prevented him from asserting his claim in state court. Murray v. Carrier, 477 U.S. 478, 488 (1986). In order to establish prejudice, the petitioner must prove that the errors created the "possibility of prejudice" and that they "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

Franklin has not made an adequate showing in his petition to overturn the procedural default preventing his jurisdictional and plain error claims from being reviewed. Franklin has made no

5

showing of cause for, or prejudice suffered from the default. Franklin did not set forth any basis for not presenting the claims in state court, nor has he alleged any harm that resulted from the default. Franklin simply includes these claims in his federal habeas petition, seeking review of issues never before presented.

Franklin's other option in contesting a procedural default is to prove that a miscarriage of justice would result if his claims were not considered in federal court. Murray, 477 U.S. at 495-96. To prove that a "miscarriage of justice" would result, the petitioner must argue that (1) he is actually innocent of the charges against him, or (2) that no reasonable jury could have found him guilty, but-for the errors committed. Schlup v. Delo, 513 U.S. 298, 327-29 (1995). Franklin has made neither of the required showings establishing that a miscarriage of justice will occur; therefore, the procedural default is not overcome.

Having dealt with both the issues of exhaustion and procedural default, one claim remains standing in Franklin's petition, the claim of ineffective assistance of trial counsel. This claim has been present throughout the state court appeals process, and has been adjudicated. Memo in Support of Petition at 2. Therefore, it is not procedurally defaulted, and has been exhausted. If a petitioner files a mixed petition, and the court determines that a stay and abeyance is inappropriate, the court should allow the petitioner to remove the unexhausted claims and proceed with only the exhausted claims, if the petitioner so desires. Rhines, 125 S.Ct. at 1535. If the unexhausted claims are removed, Franklin is left with only one claim that is still actionable, the claim for ineffective assistance of trial counsel. Should the court allow Franklin the opportunity to amend his petition and then seek review of this one remaining claim, the court has gained nothing; it has only increased the delay in finalizing this matter.

6

Ordinarily, a federal court cannot reach the merits of exhausted claims in a mixed federal habeas petition. See Rose, 455 U.S. 509, 519-520. As previously stated, the petitioner is usually required to remove the unexhausted claims and then resubmit a petition containing only the exhausted claims. See Rose, 455 U.S. 509, 518-20. In this case, the court believes that it is likely that Franklin will take such action. He will amend his petition to allow the court to rule on his claim of ineffective assistance of trial counsel, so in order to promote efficiency and prevent further delay, the court will now address the one remaining exhausted claim, ineffective assistance of trial counsel.

C. Ineffective Assistance of Trial Counsel

To establish an ineffective assistance of counsel claim, a petitioner must satisfy a two-pronged test. United States v. Traeger, 289 F.3d 461, 470 (7th Cir. 2002) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To satisfy the first prong, the petitioner must demonstrate that counsel's performance was deficient, which means that counsel's errors were so serious that the defendant was deprived of "counsel" within the meaning of the Sixth Amendment. Id. In other words, the defendant must show that counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. To satisfy the second prong of the test, the defendant must demonstrate that there is a reasonable probability that the result of the proceeding would have been different if counsel had not been deficient. Id. at 687. However, "unless a defendant makes both showings, it cannot be said that the conviction... resulted from a breakdown in the adversary process that renders the result unreliable." Id. Further, a court need not consider the first prong of the Strickland test if it finds that the counsel's alleged deficiency did not prejudice the defendant. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

7

In the present case, Franklin has not satisfied the second prong of the Strickland test. In his misdemeanor trials, Franklin was tried before a jury of six members, instead of the requisite twelve members as required by Article I Section 7 of the Wisconsin Constitution. State v. Franklin, 2001 WI 104, ¶ 3, 245 Wis.2d 582, ¶ 3, 629 N.W.2d 289, ¶ 3 (Wis. 2001). Franklin's arguments center around the deficiency prong of the Strickland test, but fail to sufficiently allege anything that would demonstrate that there is even a minimal probability that the trial would have had a different outcome with a twelve person jury. See Memo in Support of Petition at 6-8. While the attorney's performance might be considered deficient in light of Strickland test, i.e. by failing to object to the six person jury, the test is a two-part test, and both parts must be satisfied to prove ineffective assistance of counsel. Strickland, 466 U.S. at 687.

The Wisconsin Supreme Court directly discussed the issue of ineffective assistance of trial counsel in its' opinion in Franklin. Franklin, 2001 WI 104, ¶¶ 14-15, 245 Wis.2d 582, ¶¶ 14-15, 629 N.W.2d 289, ¶¶ 14-15. The Wisconsin Supreme Court held that it is not enough for the defendant to show "...that the errors had some conceivable effect on the outcome of the proceeding", rather the defendant must show that counsel's errors "actually had an adverse effect on the defense", in order to prove prejudice. Id. at ¶ 14, 245 Wis.2d 582, ¶ 14, 629 N.W.2d 289, ¶ 14. The court further held that a six-person jury, in and of itself, is an insufficient basis to conclude the trial was not fair and was not reliable. Id. at ¶ 15, 245 Wis.2d 582, ¶ 15, 629 N.W.2d 289, ¶ 14. Additionally, in State v. Huebner, 2000 WI 59, 235 Wis.2d 486, 611 N.W.2d 727 (Wis. 2000), the court stated that it found nothing to support the conclusion that the difference between a six-person and twelve-person jury was so fundamental that conducting a trial with a six-person jury, without express authorization, was automatically invalid. Huebner, 2000 WI 59, ¶ 19, 235 Wis.2d 486, ¶ 19, 611 N.W.2d 727, ¶ 19.

8

This court notes that the dissenting justices in Franklin were of the opinion that the failure to provide a twelve person jury constituted prejudice per se. The majority disagreed.

In his Memo in Support of the Petition, Franklin fails to present any argument that expresses that he was prejudiced in any way, or that the result of the trials would be different, but for the alleged deficiency by trial counsel. Memo in Support of Petition at 6-8. Basically, Franklin's ineffective assistance of counsel claim rests on the first prong of the analysis. But simply relying on his attorney's alleged deficiency in performance will not give him the relief he seeks. Both prongs must be satisfied. Since the second prong of the Strickland test has not been satisfied, the claim of ineffective assistance of trial counsel must fail.

## II. Conclusion

For the reasons above, petitioner Franklin's petition for habeas corpus is denied. Franklin's second claim, ineffective assistance of appellate counsel, was not exhausted at the State level and the merits cannot be reached in federal court because of the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Franklin's third and fourth claims, lack of jurisdiction by the trial court and his claim that plain error was committed by the trial court which resulted in a structural defect, cannot be reached because they have been procedurally defaulted because they were never raised on appeal in the state court system, and Franklin has no further opportunity to do so. Finally, relief for Franklin's first claim, ineffective assistance of trial counsel, is denied because Franklin was unable to meet the standards, laid out in Strickland, for proving ineffectiveness of counsel.

**IT IS THEREFORE ORDERED** that Jesse J. Franklin's petition for a writ of habeas corpus is **denied** and this case is hereby **dismissed.**

Dated at Milwaukee, Wisconsin, this 30th day of March, 2006.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
