# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JESSE J. FRANKLIN Jr.,**

        Petitioner,

v.                                   **Case No. 02-C-677**

**WISCONSIN DEPARTMENT**
**OF CORRECTIONS,**

        Respondent.

## ORDER ON THE REQUEST FOR A CERTIFICATE OF APPEALABILITY

On March 30, 2006, the court denied Jesse J. Franklin's ("Franklin") petition for a writ of habeas corpus. On April 26, 2006, the petitioner filed a notice of appeal but failed to request the required certificate of appealability ("COA"). On July 17, 2006, Franklin formally requested a COA.

Before he may proceed on appeal, the petitioner must receive a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Franklin requests a COA on his ineffective assistance of counsel claim. This court rejected Franklin's ineffective assistance of counsel claim on its merits, finding that Franklin could not demonstrate that he was prejudiced by any alleged ineffectiveness of his counsel.

Specifically, Franklin alleges that he was denied the effective assistance of counsel when his attorney failed to object to the use of a six-person jury for his misdemeanor trial even though at the time of his trial the Wisconsin Supreme Court had accepted a case for review raising the precise issue of whether a six-person jury was permitted under the Wisconsin Constitution. The Wisconsin Supreme Court subsequently held that the use of a six-person jury in misdemeanor cases violated the Wisconsin Constitution.

In his request for a COA, Franklin does not dispute the court's finding that he was unable to demonstrate prejudice from any alleged ineffectiveness of his attorney. Rather, Franklin argues that the denial of a twelve-person jury was a structural error and thus prejudice may be presumed.

Certainly, jurists of reason can disagree on this point. When this issue was presented to the Wisconsin Supreme Court, the court split four to three with Chief Justice Shirley Abrahamson, Justice Ann Walsh Bradley, and then Justice Diane Sykes dissenting, finding that the denial of a twelve-person jury was a structural error and prejudice may be presumed. State v. Franklin, 2001 WI 104, ¶ 30. However, relevant to the context of a federal habeas proceeding is the fact that the dissenting Justices reached this conclusion by applying Wisconsin law and the Wisconsin Constitution.

There is no federal constitutional right to a trial by a jury of twelve, Williams v. Florida, 399 U.S. 78, 88 (1970), and therefore the denial of a twelve-person jury cannot constitute a structural error warranting relief in a federal habeas proceeding. Although Franklin alleges ineffective assistance as his ground for habeas relief, because Franklin cannot demonstrate prejudice, the viability of this claim is dependent upon a finding that the denial of a twelve-person jury denied him a clearly established federal constitutional right and therefore amounted

to a structural defect in his trial. Jurists of reason may disagree as to whether the denial of a twelve-person jury was a structural defect under Wisconsin law, but this court does not believe that jurists of reason would disagree as to whether a twelve-person jury is a structural defect under the federal constitution warranting the presumption of prejudice.

    **IT IS THEREFORE ORDERED** that the petitioner-appellant's motion for a certificate of appealability is **denied**.

    Dated at Milwaukee, Wisconsin, this 19th day of July, 2006.

_____
s/AARON E. GOODSTEIN
United States Magistrate Judge